IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11522
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA D. SWEET, also known as
Sandra P. Smith,

Defendant-Appellant.

Appeal from the United States District Court
for the
Northern District of Texas
No. 3:96-CR-0156-1-R)

November 19, 1997

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sandra D. Sweet appeals her guilty-plea conviction for bank fraud committed in violation of 18 U.S.C. § 1344. Sweet first asserts that her plea was not knowing and voluntary because the district court did not follow the requirements of Federal Rule of Criminal Procedure 11 in several respects. Second, she argues that the indictment was insufficient because it failed to allege an

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

essential element of the offense, namely that the wording of the indictment did not mirror the language of 18 U.S.C. § 20. Third, she appeals the district court's calculation of her criminal history under the guidelines.

We need not determine whether harmless error or plain error analysis governs our review of the alleged variances in Rule 11 procedures because reversible error does not exist under either standard. To analyze the validity of a guilty plea, we conduct a two step inquiry focusing on whether the district court varied from Rule 11 procedures and if so, whether such variance affected the substantial rights of the defendant. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993)(en banc). After a careful review of Sweet's arguments and the record in this case, we hold that Sweet has not demonstrated that any variances in Rule 11 procedure affected her substantial rights.

Second, Sweet has not shown that the failure of the indictment to allege that Texin's Credit Union was a "financial institution" with the precise language used in 18 U.S.C. § 20 renders the indictment insufficient. When the question of the sufficiency of an indictment is raised for the first time on appeal and the defendant has failed to assert prejudice, during the court's de novo review of the sufficiency of the indictment the "indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted." United

2

States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir.), cert. denied, 117 S.Ct. 446 (1996).  Such a reading is appropriate in the present case.  After careful review, we hold that the indictment was sufficient.[1]

Third, we do not address Sweet's challenge to the calculation of her criminal history.  As part of her plea agreement, Sweet waived her right to appeal on this ground.  We review the record de novo to determine whether a defendant's waiver of appeal is voluntary and informed.  United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992).  When "the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver of appeal provision, the defendant will be held to the bargain to which he agreed..." United States v. Portillo, 18 F.3d 290, 293 (5th Cir.), cert. denied, 513 U.S. 893 (1994).  After a thorough review of the record, it appears that Sweet understood her plea agreement and raised no questions regarding a waiver of appeal provision.  We therefore hold that she waived her right to appeal this ground.

Therefore, for the foregoing reasons, the district court's

---

[1]The National Credit Union Administration (NCUA) Board insures member accounts of credit unions that are in compliance. 12 U.S.C. § 1781(a); see Waddell v. Forney, 108 F.3d 889, 891 (8th Cir. 1997).  The National Credit Union Share Insurance Fund is used by the NCUA Board as a revolving fund to carry out the administration's purposes.  12 U.S.C. § 1783(a).

judgment is AFFIRMED.